IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEFF TRAXTLE,

        Plaintiff,                Civil No. 11-6142-TC

        v.                          FINDINGS AND
                                          RECOMMENDATION
SHERRI HOLMAN, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that he was denied his constitutional right of access to the courts when he received inadequate legal advice from an inmate legal assistant on February 12, 2007. The incorrect advice allegedly caused him to miss the filing deadline for his federal habeas corpus petition. Plaintiff

1 - FINDINGS AND RECOMMENDATION

seeks damages and declaratory relief.

Defendants now move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's claim is barred by the two-year statute of limitations. Motion to Dismiss (#8).

The relevant facts are as follows. On January 11, 2007, the Oregon Court of Appeals issued the appellate judgment in plaintiff's post-conviction relief proceeding. Petitioner "did not understand" that the statute of limitation for filing a federal habeas corpus petition begins to run from the date of the appellate judgment. Complaint (#2), p. 5. On February 12, 2007, plaintiff was advised by an inmate legal assistant that he could not file his federal habeas corpus petition until he received further documents from the Oregon Court of Appeals. On October 18, 2007, plaintiff learned from another inmate legal assistant that the appellate judgment started the statute of limitations for federal habeas petitions. Id., p. 9.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. on October 24, 2007. By order dated August 4, 2008, this court denied relief and dismissed the petition as time barred. On February 25, 2009, this court denied petitioner's "motion for relief from judgment." On April 26, 2010, the Ninth Circuit denied petitioner's request for a

2 - FINDINGS AND RECOMMENDATION

certificate of appealability and the United States Supreme Court denied petitioner's petition for writ of certiorari on January 19, 2011. Petitioner signed his complaint in this action on April 20, 2011.

Plaintiff alleges that he "intended to raise in his federal habeas corpus petition numerous nonfrivolous claims challenging his conviction and sentence. Complaint (#2) p. 15. He further alleges that he "suffered actual injury because his nonfrivolous claims were directly frustrated and/or impeded by the inadequacies and deficiencies of the EOCI legal assistance facilities due to ... [defendants' alleged conduct]." Id.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

3 - FINDINGS AND RECOMMENDATION

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. <u>Wallace v. Kato</u>, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1154 (9th Cir. 2000); <u>Bagley v. CMC Real Estate Corp</u>., 923 F.2d 758, 760 (9th Cir. 1991); <u>see also</u>, <u>DeAnza Properties X, Ltd. v. County of Santa Cruz</u>, 936 F.2d 1084, 1086 (9th Cir. 1991); <u>Vaughan</u>, <u>supra</u>, 927 F.2d 486, 480 (9th Cir. 1991).

Plaintiff's claim in this case alleges denial of access to the courts claim under the First Amendment. A denial of access to the courts claim accrues when the plaintiff knows or has reason to know that (1) he has been denied a reasonably adequate opportunity to present his claims, and (2) he suffered actual injury to contemplated or existing litigation. <u>Lewis v. Casey</u>, 518 U.S. 343, 348 (1996). In *Morales*, the Ninth Circuit addressed the accrual date for access to the court claims as follows:

> The reference to "know[ledge] of injury" does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendant's acts were wrongful. Rather, the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm.

<u>Morales v. City of Los Angeles</u>, 214 F.3d at 1154 (quoting and adopting <u>Veal v. Geraci</u>, 23 F.3d 722 (2nd Cir. 1994.

4 - FINDINGS AND RECOMMENDATION

The *Morales* court rejected the argument that an access to the court claim did not accrue until the loss of the claim was affirmed on appeal, finding that "the possibility that a subsequent appellate reversal of the judgments might moot the cause of action does not affect the analysis. Accrual and mootness principles operate arising independently of each other." Id.

*Morales* involved access to court claims arising from alleged police misconduct in civil proceedings. Those claims could not have accrued, and were not ripe, until the plaintiffs had lost the underlying proceedings, and suffered actual injury. Accordingly, the accrual date was the date plaintiffs lost their underlying trial proceeding. Access to the court claims based on alleged misconduct in civil proceedings are distinguishable from claims, such as plaintiff's in this case, based on an alleged denial of access to legal materials. Access to court claims based on alleged denial of access to legal materials accrue when the plaintiff knows or has reason to know that his underlying claims are lost, not when the inmate receives judicial verification that his claim is barred. See, Id., at 1154.[1]

I find that plaintiff had reason to know of his alleged injury on October 18, 2007, when he learned that the appellate judgment started the statute of limitations for federal habeas

---

[1] *See also*, Allen v. White, 2005 WL 1836933 (E.D. Cal. July 25, 2005), *affirmed* Allen v White, 246 Fed. Appx. 447-448, 2007 WL 2461837 (9th Cir. 2007) (unpublished opinion).

5 - FINDINGS AND RECOMMENDATION

corpus actions. Plaintiff's knowledge of the injury was not dependent on his "receiving judicial verification that defendant[s'] acts were wrongful." Morales, 214 F.3d at 1154. Accordingly, his claim in this case accrued on October 18, 2007. Plaintiff filed this case on April 20, 2011 - more than two years later.

Even assuming that plaintiff is entitled to "judicial verification" of his injury, his claim accrued on August 4, 2008 when the District Court dismissed plaintiff's petition as time barred.[2] On that date he suffered an "actual loss" in the underlying habeas corpus proceeding. Plaintiff's knowledge of his actual injury is not dependent on the Ninth Circuit denying his request for a certificate of appealability or the United States Supreme Court denying certiorari. Morales, supra.

Plaintiff's reliance on Christopher v. Harbury, 536 U.S. 403 (2002) is misplaced. Christopher does not require - or even discuss - exhaustion of appellate remedies for the underlying claim, and is entirely consistent with the Ninth Circuit's decision in Morales.

Plaintiff's interpretation of Christopher is apparently based on a District Court opinion from the Southern District of California, Pough v. Grannis, 08-cv-1498-JM-RBB (S.D. Cal. Jan. 6, 2010). Although the holding in that case may arguably

---

[2] Or no later February 22, 2009, when the court denied the petitioner's motion for relief from the judgment.

6 - FINDINGS AND RECOMMENDATION

be inconsistent[3] with the holding in *Morales,* I find that it is neither persuasive nor controlling.

Based on all of the foregoing, I find that plaintiff's claim accrued more than two years prior to his filing the complaint in this action. Therefore, his claim is time barred.

Defendants' Motion to Dismiss (#8) should be allowed. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

---

[3]Or as characterized by defendants presents a "potential incongruity." Reply in Support (#12) p. 5.

7 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_11\_\_ day of August, 2011.

/s/ Thomas M. Coffin
Thomas M. Coffin
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION